Filed 6/10/21  Pickett v. Kelsey CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| NATHANAEL PICKETT I, | |
| Plaintiff and Appellant, | E074236, E075070 |
| v. | (Super.Ct.No. CIVDS1618482) |
| BILL KELSEY, | OPINION |
| Defendant and Respondent. | |

CONSOLIDATED APPEALS from the Superior Court of San Bernardino County. John M. Tomberlin, Judge.  Affirmed.

Law Office of Robert D. Conaway and Robert D. Conaway for Plaintiff and Appellant.

Silver & Wright, John M. Fujii and Adrianna C. Paige for Defendant and Respondent.

Plaintiff Nathanael Pickett I appeals from a judgment of dismissal entered after defendant Bill Kelsey's demurrer to Pickett's amended complaint was sustained without leave to amend.  We affirm.

1

BACKGROUND

According to the allegations in Pickett's amended complaint, in November 2015, a San Bernardino County Sheriff's deputy shot and killed Pickett's son. Kelsey is a civilian who was on a ride-along with the deputy the day of the killing. When the deputy approached Pickett's son, who was on foot, Kelsey exited the vehicle along with the deputy. The deputy pushed Pickett's son, and Pickett's son fell to the ground. Kelsey kicked Pickett's son while he was on the ground. While Pickett's son remained on the ground, the deputy shot and seriously wounded him. The deputy and Kelsey then punched and kicked Pickett's son, who ultimately died from his injuries.

In May 2016, the decedent's mother filed a wrongful death action in federal court. Pickett filed the instant state court action in November 2016, alleging numerous causes of action against several defendants. Against Kelsey, Pickett alleged three causes of action: (1) excessive force under 42 U.S.C. section 1983 (42 U.S.C. § 1983), (2) excessive force under Civil Code section 52.1 (unlabeled statutory references are to this code), and (3) excessive force under section 51.7.

The following year, in March 2017, the decedent's mother filed an amended complaint, naming as defendants the county, the deputy, and Kelsey. Several weeks later the state court action was stayed pending resolution of the federal action. In May 2017, Pickett joined as a plaintiff in the federal action, with the federal court finding Pickett to be an indispensable party to that action. Against Kelsey, the operative federal complaint alleged unconstitutional excessive force under 42 U.S.C. § 1983 (second cause of action),

2

denial of civil rights under section 52.1 (eleventh cause of action), and violation of Pickett's rights under section 51.7 (twelfth cause of action).

The parties in the federal action filed cross-motions for summary judgment. The decedent's mother opposed the defendants' motion, and Pickett joined her opposition. The federal court entered summary judgment in favor of Kelsey on the claims under 42 U.S.C. § 1983 and the claim under section 52.1. With respect to the claim under section 51.7 (the twelfth cause of action) and numerous other claims, the federal court ruled as follows: "In her opposition to Defendants' Motion, Plaintiff abandoned her third, fourth, fifth, eighth, and twelfth causes of action. Plaintiff confirmed this at oral argument, so these claims are deemed dismissed." In the conclusion section of the federal court's ruling, the court reiterated: "Plaintiffs' third, fourth, fifth, eighth, and twelfth causes of action are DISMISSED."

In the joint pretrial conference order, the federal court listed the plaintiffs' claim under section 51.7 as among those claims that had "been dismissed." The federal court listed the claims that remained against Kelsey as being negligence, assault and battery, and false arrest/imprisonment. The order concluded by explaining the superseding effect of the order as follows: "The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice."

On the first day of trial, the plaintiffs (Pickett and his son's mother) moved to dismiss Kelsey from the federal action. Pickett requested that the federal court dismiss the action against Kelsey without prejudice, while the decedent's mother requested that the dismissal be with prejudice. The federal court orally ruled as follows: "So I will grant the motion to dismiss. I'm not going to say it's with prejudice as it relates to [Kelsey] in this action." In response to a request for clarification from Kelsey's attorney, the federal court stated: "As it relates to both motions, I am going to grant the motion to dismiss without prejudice as it relates to [Kelsey] in this action and this action only."

After a jury trial, the jury returned a special verdict in favor of Pickett and the decedent's mother and against the deputy and the county. The jury awarded damages as follows: (1) $7 million to the decedent for the loss of his enjoyment of life and for his predeath pain and suffering (survival damages), (2) $6.5 million to the decedent's mother for past and future loss of companionship, (3) $2 million to Pickett for past and future loss of companionship, and (4) $18 million total punitive damages to the decedent's mother and Pickett. The federal court struck the punitive damages award in its entirety, denied the plaintiffs' request for treble damages under section 52, subdivision (a), and apportioned the survival damages equally between Pickett and the decedent's mother. In November 2018, Pickett executed a settlement agreement, releasing the county and the deputy from any and all claims in exchange for $5.7 million and the county's dismissal of its appeal.

4

In June 2019, Pickett requested that the superior court lift the stay of the state court action. Kelsey thereafter demurred, arguing that the claims against him had already been resolved in the federal action. With respect to the claim under section 51.7, Kelsey argued that the claim should be dismissed with prejudice because the federal court had dismissed the claim as abandoned on the defense motion for summary judgment. In support of the demurrer, Kelsey requested that the court judicially notice various documents from the federal court action.

In opposition, Pickett argued that the demurrer was time-barred and that the action being pursued was a survival action unaffected by the federal action. With respect to the federal court's treatment of the claims against Kelsey, Pickett argued: "No judgment was rendered on Kelsey in any Court apart from the ruling on the County's motion for summary judgment in federal court. Kelsey in fact was dismissed without prejudice from the federal action."

The trial court granted Kelsey's request for judicial notice and sustained the demurrer without leave to amend. The court concluded that the claims were precluded by res judicata because Pickett was a plaintiff in his personal and successor capacities in the federal action and the "two causes of action asserted against Kelsey are the same causes of actions that were alleged in the prior federal action and both lawsuits arise from the same incident." The trial court explained that "the pending claims could have been brought by Pickett and/or the estate, but they voluntarily dismissed the claims against Kelsey."

5

DISCUSSION

On appeal, Pickett argues that the trial court erred by dismissing the civil rights claim under section 51.7 on the basis of res judicata, because the civil rights claim is a survival claim, thus "defeating the single action, res judiciata[*sic*]/collateral estoppel, merger arguments."  (Boldface and capitalization omitted.)  Kelsey claims that Pickett has forfeited his arguments on appeal by failing to set forth an accurate and complete summary of the pertinent facts.  Kelsey further contends that Pickett forfeited his challenge by failing to address in his opening brief the federal court's dismissal of the section 51.7 claim on the parties' motions for summary judgment.  We agree with Kelsey on these points.

We presume that appealed judgments are correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  The appellant bears the burden of affirmatively demonstrating error and providing an adequate record on appeal.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 (*Maria P.*); *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*).)  Under the California Rules of Court, an appellant must provide "a summary of the significant facts limited to matters in the record" in the opening brief.  (Cal. Rules of Court, rule 8.204(a)(2)(C).)  An appellant's failure to comply with this rule may result in forfeiture on appeal.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 (*Nwosu*).)

Pickett's opening brief does not comply with those requirements, because Pickett does not provide "a summary of the significant facts."  (Cal. Rules of Court, rule

6

8.204(a)(2)(C).)  The trial court found that the section 51.7 claim was barred by res judicata because it was dismissed on summary judgment in the federal court action. What happened in the federal action consequently is highly relevant to the present action. But in the section of the opening brief entitled "relevant facts," Pickett describes only his operative complaint's allegations against Kelsey.  In the following section, Pickett summarizes the argument he presented in the trial court.  In addition, scattered references to the federal action appear throughout the brief, but those references provide an incomplete and inaccurate account of the federal court action.  For example, the opening brief contains no information about the federal court *ruling* on the cross-motions for summary judgment.  Instead, Pickett quotes some of the undisputed material facts supporting the defendants' motion in that action and some of the federal court's factual findings in its ruling, but he never describes or even mentions the federal court's ruling on the section 51.7 claim against Kelsey.  Because Pickett does not fully and accurately summarize the material facts, we consider Pickett's challenge to the trial court's dismissal of the section 51.7 claim forfeited.  (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1247.)

In addition to failing to provide an adequate summary of the pertinent facts, Pickett mischaracterizes the record concerning the federal court's dismissal of the section 51.7 claim against Kelsey.  Pickett erroneously claims that the federal court's dismissal without prejudice of Kelsey on the first day of trial incorporated the section 51.7 claim. *But the federal court had already dismissed the section 51.7 claim as abandoned at the*

*summary judgment stage.* Consequently, all of Pickett's arguments about why the trial court erred in finding his section 51.7 claim barred by res judicata are based on the factually inaccurate assumption that the trial court dismissed the section 51.7 claim without prejudice on the first day of trial.

Pickett does not concede the error in his reply brief. Instead, he falsely claims that the section 51.7 claim "was not knocked out by summary judgment." In making this erroneous claim, Pickett focuses exclusively on the federal court's ruling granting summary judgment on the merits to Kelsey on the claims under section 52.1 and 42 U.S.C. § 1983. Pickett ignores the remaining language of the federal court ruling, in which the federal court dismissed the section 51.7 claim because the plaintiffs abandoned it by failing to oppose the defendants' motion on that claim. The decedent's mother's counsel expressly conceded the abandonment at the summary judgment hearing. And there is no indication in the record that Pickett's counsel did otherwise. Moreover, in dismissing the abandoned claims, the federal court specifically referred to both of the "[p]laintiffs'" claims.

In his reply brief, Pickett appears to argue that the federal court's joint pretrial conference order recognized that the section 51.7 claim survived summary judgment. Again, Pickett ignores the language of the order. The federal court's joint pretrial conference order expressly provided that the plaintiffs' claim under section 51.7 was one of the claims that had "been dismissed" in the action and that the only claims remaining against Kelsey were negligence, assault and battery, and false arrest/imprisonment.

According to the joint pretrial conference order, "the parties," including Pickett, agreed that those were the only issues (as to Kelsey) that "*remain*[*ed*] *to be litigated*." (Italics added.)

Because of Pickett's erroneous characterization of the record, he does not make any argument about why the federal court's dismissal of the section 51.7 claim as abandoned at the summary judgment stage did not operate as a bar to pursuing the same claim in the instant state court action. Pickett has consequently forfeited any argument that the trial court erred by sustaining Kelsey's demurrer on that basis. (*Hernandez*, *supra*, 37 Cal.App.5th at p. 277.) Pickett has therefore failed to carry his burden of showing that the trial court erred, so we must affirm the judgment.[1] (*Ibid.*)

DISPOSITION

The judgment is affirmed. Kelsey shall recover his costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____<br>J.

We concur:

RAMIREZ _____
P. J.
McKINSTER _____
J.

---

[1]  Pickett also fails to make any argument in his opening brief concerning the trial court's dismissal of his claim under 42 U.S.C. § 1983. He therefore has failed to carry his burden of showing that the trial court erred by sustaining the demurrer as to that claim as well. (*Hernandez*, *supra*, 37 Cal.App.5th at p. 277.)

9